[PHILADELPHIA, JANUARY 18TH, 1841.]

## LYONS *against* OTT.

#### IN ERROR.

Where judgment had been obtained upon bonds for the payment of money, and a *fieri facias* issued, under which personal property of the defendant was sold; and for the residue of the debt a levy was made on land, and a return made by the inquest that the rents and profits, &c., were sufficient to pay in seven years, &c., but no *liberari* was taken out by the plaintiff, and no further proceedings had on this judgment or execution; it was *held*, that these proceedings were not a bar to a recovery in a *scire facias* upon a mortgage given to secure payment of the bonds.

ERROR to the Court of Common Pleas of Northampton County.

. The circumstances of the case were thus:

On the 26th of February, 1817, Robert Lyons executed six several bonds to Andrew Whitesell; the first for $500, payable on the 27th of May, 1817; and the remaining five, for $600 each, payable on the first day of April, 1818, 1819, 1820, 1821, and 1822 successively; and on the same day he executed a mortgage to Whitesell upon two tracts of land, in Lower-Mount-Bethel township, Northampton county, to secure payment of these bonds.

Andrew Whitesell assigned these bonds and mortgages on the 22d of October, 1825, to Peter Ott; who on the 2d of April, 1835, assigned the same to Samuel Ott.

On the 2d of April, 1835, Samuel Ott brought suit upon four of the bonds which remained unpaid; and obtained judgment on the 27th of November, 1837.

A *fieri facias* was issued upon this judgment to August Term, 1838; to which the sheriff made return, that he had sold the personal property of the defendant, amounting to the sum of $239 66: and for the residue levied on two tracts of land in Lower-Mount-Bethel

township; which by an inquisition held on the 24th day of August, 1838, were found sufficient to pay and satisfy the debt and damages in the *fi. fa.* mentioned, together with the costs, within the space of seven years, beyond all reprises; and that thereupon the same inquest had assessed the value of the yearly rents and profits of the real estate at the sum of $200 60 cents.

No further proceedings were had upon this judgment.

On the 8th of November, 1838, a *scire facias* was sued out upon the mortgage by Andrew Whitesell, for the use of Samuel Ott, against Robert Lyons; to which the defendant pleaded payment, with leave to give the special matter in evidence.

Issue having been joined upon this plea, the cause came on for trial before BANKS, (Pres't) on the 26th of November, 1839; when the defendant gave in evidence the record of the proceedings upon the judgment on the bonds, and relied upon them as a defence to the action.

The learned judge charged the jury in substance as follows:

"This is a *scire facias* on a mortgage given by the defendant. Bonds had also been given for the same debt. Suit has been brought on the bonds and judgment obtained. Execution was issued on this judgment; a levy was made on personal property which has been sold, and also on land; and the inquest found that the rents would pay the debt in seven years. No further proceedings were had on this judgment and execution. After all these proceedings were had, this *scire facias* was issued on the mortgage. The defendant contends that the former proceedings are a defence to a recovery in this action. I do not think so. Part of the debt is still unpaid. The plaintiff did not take out a *liberari facias.* If he had, and the officer had put him in possession, then it might be a question whether there could be a recovery in this case. As it is, the former proceedings are not sufficient to prevent the plaintiff's recovery in this action."

The defendant's counsel excepted to this charge, and took a writ of error to this court. The only error assigned was as follows:

"The court erred in charging the jury, that the judgment for the same debt on the 27th of November, 1837, and the subsequent proceedings thereupon, were insufficient to bar the plaintiff's recovery in this action."

Mr. *Ihrie,* for the plaintiff in error.

The plaintiff below ought to have moved to set aside the inquisition. It appears from the record that he has had satisfaction. The remedies are not concurrent. An extent is a satisfaction. A plaintiff

(Lyons v. Ott.)

cannot discontinue a *fi. fa.* and take a new one after the return of the inquest. In support of these positions were cited 2 *Tidd's Practice,* 951. 1043. Act of 1836, § 48. *M'Cullough* v. *Guetner,* (1 *Binn.* 214.) *Hunt* v. *M'Clure,* (2 *Yeates,* 387.) *Miller* v. *Milford,* (2 *Serg. & Rawle,* 38.) 1 *Chitty Pl.* 214.

Mr. *Hepburn,* contra, was stopped.

PER CURIAM.—An inquisition finding the land levied upon to be sufficient to pay in seven years, has never been thought equivalent to satisfaction. The practice has been either to discontinue the *fieri facias* by leave of the court, and sue out an alias against other property, or to wait till the property should be turned into cash by a sale on a subsequent execution; in which case the creditor has always been let in on the proceeds. Even where there has been part satisfaction by enjoyment under an actual extent, the tenant having been deprived of his term by such a sale, is entitled to be let in as a lien creditor for the residue. Here the creditor had an independent security which nothing could prevent him from applying but an extinguishment of the debt; and as the levy and inquisition alone worked no such consequence, he was properly permitted to recover.

Judgment affirmed.